**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOE AND MARIE MARTINEZ,
individually and on behalf of their son,
GLEN MARTINEZ,

            **Plaintiffs,**

vs.                                                               **Civ. No.   06-486 JH/WDS**

NEW MEXICO PUBLIC SCHOOL
INSURANCE AUTHORITY,

            **Defendant.**

**MEMORANDUM OPINION AND ORDER OF REMAND**

This matter comes before the Court on *Plaintiffs' Motion to Remand and Request for Attorney's Fees Incurred in Improper Removal, and Memorandum in Support* [Doc. No. 8]. After considering the law, the facts, and the arguments of the parties, the Court concludes that the motion should be granted, the case should be remanded to state court, and that the Plaintiffs' request for attorney's fees should be granted.

**DISCUSSION**

In this case, Plaintiffs assert claims against the Defendant New Mexico Public School Insurance Authority ("NMPSIA") under the New Mexico Public Records Act. Plaintiffs seek access to public documents related to another case in this judicial district, *Martinez v. Espanola Pub. Sch. et al.*, Civ. No. 04-737 MCA/LFG ("the 2004 case"), which was filed in 2004. Plaintiffs here are the plaintiffs in that older case as well, where they claimed that the defendants violated their son's rights

under the federal Individuals With Disabilities Education Act, the Rehabilitation Act of 1973, the Americans With Disabilities Act, and the United States Constitution. NMPSIA is not a party to the 2004 case.

On May 1, 2006, the Plaintiffs filed the present case in the First Judicial District Court, Santa Fe, New Mexico, in an attempt to obtain access to records that they had been unable to obtain through discovery in the 2004 case. On June 9, 2006, NMPSIA removed the case to this Court. In its Notice of Removal, NMPSIA asserted that this case is part of the same case or controversy as the 2004 case, that the Court has original jurisdiction over the 2004 case because it raises a federal question, and that the Court has supplemental jurisdiction over the state law claims in this case. NMPSIA did not attempt to show that this Court has original jurisdiction over this case; instead, NMPSIA relied solely upon supplemental jurisdiction for the removal.

The Court concludes that the case should be remanded for two separate, independent reasons. First, the removal was improper from the outset because the Court lacked subject matter jurisdiction over this case at the time of removal. As explained above, the sole grounds for removal, as outlined in the NMPSIA's Notice of Removal, was NMPSIA's contention that this Court should exercise supplemental jurisdiction over this case because it is part of the same case or controversy as another case pending in the District of New Mexico which did contain a federal question over which the Court has original jurisdiction. However, a removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute, 28 U.S.C. § 1367. In the removal statute, 28 U.S.C. § 1441, Congress provided for the removal of "any civil action brought in a State court of which the district courts of the United States have *original* jurisdiction." (emphasis added). The supplemental jurisdiction statute does not confer original jurisdiction on claims or suits. The supplemental

2

jurisdiction statute, 28 U.S.C. § 1367, provides that: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 provides no original jurisdiction over a separate, but related suit, and so does not authorize removal from state court to federal court pursuant to § 1441. *See, e.g., Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (finding that because supplemental jurisdiction statute is not a source of original subject matter jurisdiction, removal petition therefore may not base its subject matter jurisdiction on supplemental jurisdiction statute, even if action which defendant seeks to remove is related to another action over which federal district court already has subject matter jurisdiction and even if removal would be efficient); *McClelland v. Longhitano*, 140 F.Supp.2d 201, 203 (N.D.N.Y. 2001) (stating that supplemental jurisdiction statute does not override the removal requirements contained in removal statute or change the rule that only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant); *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D.Pa.1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."); *Sebring Homes Corp. v. T. R. Arnold & Assoc., Inc.*, 927 F. Supp. 1098, 1101 (N.D. Ind. 1995) ("[A] removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute"). *See also* Wright & Miller, *Federal Practice and Procedure*, Vol. 13B (2006 Supp.), § 3567.3 at 133 ("The supplemental-jurisdiction statute is not a source of original jurisdiction and a case cannot be brought or removed on grounds of supplemental jurisdiction alone."). Accordingly, the Court concludes that it lacks subject matter over this case, which NMPSIA improperly removed

3

based solely upon supplemental jurisdiction. Therefore, the case should be remanded to state district court.

Second, even if the removal were proper, the Court exercises its discretion to decline to exercise supplemental jurisdiction over the state claims in this case in light of the fact that the federal claims in the related 2004 civil rights case have settled and either have been or will soon be dismissed. *See Martinez v. Espanola Pub. Sch. et al.*, Civ. No. 04-737 MCA/LFG, Doc. Nos. 207 and 210 (memorandum from Judge Garcia indicating case has settled, and plaintiffs' notice of voluntary dismissal under Rule 41(a) of all claims against the individual defendants). It was the 2004 case and the federal claims contained therein which, in its Notice of Removal, NMPSIA contended formed the basis for the Court to exercise supplemental jurisdiction over the state law claims in this case. 28 U.S.C. § 1367(a) recognizes that, when a district court has original jurisdiction over a civil action, "it has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c). A district court is "well within its discretion in declining supplemental jurisdiction over the remainder of" a case when it dismisses a plaintiff's federal claims. *Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1139 (10th Cir. 2004). Because the federal claims in Civ. No. 04-737 MCA/LFG have been settled, the Court exercises its discretion and declines to exercise supplemental jurisdiction over the related state law claims in this case.

Finally, in their motion to remand Plaintiffs have requested an award of attorney's fees. The language of 28 U.S.C. § 1447(c) directs that the award of attorney's fees rests squarely within the

discretion of the district court when a remand is ordered. *See* § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added)).

As the Tenth Circuit has recognized, "[i]n deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted). On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case." *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994). In other words, a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004). Thus, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). *Accord Martin*, 393 F.3d at 1148 (citing *Valdes*). In this case, the Court concludes that, at the time of removal, the law was clearly established that one may not remove a case to federal court based solely upon alleged supplemental jurisdiction over state law claims that are related to federal claims in a separate case. The Court concludes that an award of reasonable attorney's fees in appropriate in this case, and Plaintiffs' request will be granted. However, the Court will not award the Plaintiffs fees without an objective basis upon which to judge their reasonableness. Therefore, in accordance with Local Rule 54.5, Plaintiff's counsel must file a motion, affidavit, and supporting evidence regarding those fees no later than August 5, 2005.

5

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Remand and Request for Attorney's Fees Incurred in Improper Removal, and Memorandum in Support* [Doc. No. 8] is **GRANTED** and the case is hereby **REMANDED** to the First Judicial District Court, Santa Fe County, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**